Submitted on record and briefs February 13, reversed and remanded for new trial
June 3, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## BENITA FAYE ALLEN,
*Appellant.*

### (DCR9110641; CA A70221)

832 P2d 1248

Craig J. Dorsay and Willner, Zabinsky, Dorsay & Cordello, Portland, filed the brief for appellant.

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Diane S. Lefkow, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals her conviction for theft in the second degree. ORS 164.045. She contends that the court erred by not permitting one of her witnesses to testify because he refused to remove his religious headgear. We reverse.

The state's evidence was to the effect that defendant obtained a refund for a power tool that she had not purchased. She called her husband as a witness; he would have testified that he had purchased the tool and had given it to her to return for a refund. He is a Muslim and wears religious headgear. The trial court refused to let him take the witness stand while wearing the headgear, apparently on the basis of UTCR 3.010(1):

> "All persons attending the court shall be dressed so as not to detract from the dignity of court. Members of the public not dressed in accordance with this rule may be removed from the courtroom."

Defendant requested to make an offer of proof as to the witness' religious belief. The trial court refused to allow him to take the stand for that purpose, and defendant made an offer of proof on the record during a recess when the judge was not on the bench.

■      Defendant argues that the ruling violated her right to compulsory process under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. She also contends that the ruling violated her right to religious freedom guaranteed by both constitutions. Although resolution of the issue of defendant's right to compulsory process may involve the religious freedom of the witness, defendant's religious freedom is not implicated.

■      Under UTCR 3.010(1), a trial court has discretion to exclude persons from the courtroom if they are attired in a way that detracts from the dignity of the court. A court does not exercise that discretion in a vacuum; it must balance the reasons and the need for proper courtroom attire against the results of enforcing the rule. The result here is twofold and affects the defendant's constitutional right to present her defense and the witness' constitutional right to practice his religion. Although considerations of proper attire may go beyond the mere maintenance of a dress code, a trial judge's

desire simply to maintain a general dress code cannot justify an infringement of a criminal defendant's right to present an exculpatory witness, unless the attire worn by a witness would be disruptive or would create an atmosphere of unfairness.

In weighing the competing interests of an appropriate courtroom atmosphere with the right of a defendant to call a witness, the court can properly consider the reasons the witness gives for not honoring the court's request to remove a particular headgear. If the witness' reasons are not substantial or are based on a belief asserted but not sincerely held, and the court determines that the attire threatens to be disruptive or is unfair, it may then be justified in excluding the witness.

The court declined to hear the offer of proof, so it was not informed about the witness' religious practice or whether the belief on which it was based was sincere. The court made no findings about the reasons for excluding the witness other than the court's dress code. The state agrees that the ruling is not defensible but suggests that we remand so that the court can make findings about whether the witness' headgear would be disruptive, unfair or prejudicial and whether his religious beliefs are sincerely held. It is clear from the record that the court was enforcing a general rule that has nothing to do with considerations that are particular to this proceeding. Reconstructing the events to determine whether there was a justification other than the court's desire to enforce a general dress code would be unfair to defendant. The court erred by excluding the witness, and the error was prejudicial.

Reversed and remanded for a new trial.